UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE VILLATORO, #645928,

                Plaintiff,

      -against-

ERROL D. TOULON, YAPHANK CORRECTIONAL
FACILITY, JOHN DOES A-C, Corrections Officers;

                Defendants.
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-00109 (JMA)(SIL)

FILED
CLERK

1:47 pm, Feb 17, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

      On January 5, 2022, pro se plaintiff Jose Villatoro ("Plaintiff") filed a complaint while incarcerated at the Suffolk County Correctional Facility against Suffolk County Sheriff Errol D. Toulon, Jr. ("Sheriff Toulon"), the Yaphank Correctional Facility ("the Jail"), and three unidentified corrections officers ("C.O. John Does A-C" and collectively "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") purporting to allege a deprivation of his constitutional rights. (See Complaint, ECF No. 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP") and Prisoner Litigation Authorization form ("PLRA"). (ECF Nos. 2-3.)

      Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiff's IFP application and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) for the reasons that follow.

## I. BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. Plaintiff alleges that, on October 28, 2021 at approximately 3:15 pm "inside the booking unit", he was attacked by C.O. John Doe A "out of the blue sky." (Compl. ECF No. 1 at 3, 5.) After the assault, Plaintiff alleges that C.O. John Does B and C covered up he assault by cleaning him up and giving him a clean shirt "because there was blood everywhere." (Id. at 5.) According to the complaint, Plaintiff "fell unconscious and went into cardiac arrest." (Id.) Plaintiff was taken to Brookhaven Hospital for treatment and, upon his return to the Jail, Plaintiff "was issued a disciplinary ticket for fighting . . . and was given a 10 day suspension." (Id. at 5-6.) As a result, Plaintiff claims he was deprived of his Eighth Amendment right to be free from cruel and unusual punishment for which Plaintiff seeks to recover a monetary award in the sum of $10 million in addition to unspecified injunctive and declaratory relief. (Id. at 6-7.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true.

brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed

3

factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).   In order to state a § 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law."  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).   An

4

"individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'"  Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).   Indeed, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability."  Tangreti v. Bachmann, 983 F.3d 609, 618, 620 (2d Cir. 2020).   Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

    1.    **Section 1983 Claims Against Sheriff Toulon**

Here, although Plaintiff names Sheriff Toulon as a defendant in the caption and in the identification of parties section of the form complaint, he is not again mentioned in the body of the complaint.  Thus, affording the pro se complaint a liberal construction, it appears that Plaintiff seeks to impose liability against Sheriff Toulon given the supervisory position he holds.  However, there are no factual allegation in the complaint concerning any conduct or inaction by Sheriff Toulon such that the Court could reasonably construe a plausible Section 1983 claim against him.  Accordingly, because the complaint fails to state a claim against Sheriff Toulon, Plaintiff's claims against him are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

    2.    **Claims Against the Jail**

The Jail is a non-suable entity because it is merely an administrative arm of the municipality, Suffolk County.  "'Under New York law, departments that are merely

5

administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" Eckert v. Toulon, No. 21-CV-02650(JMA)(JMW), 2022 WL 74158, at *4 (E.D.N.Y. Jan. 6, 2022) (quoting Rose v. Cty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because "the Jail and SCPD are administrative arms of the County of Suffolk [ ] [and] lack the capacity to be sued."). Therefore, Plaintiff's claims against the Jail are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). However, given Plaintiff's pro se status and the Court's obligation to construe his claims liberally, the next Court considers whether Plaintiff has alleged a plausible Section 1983 claim when construed as against Suffolk County. For the reasons that follow, he has not.

    **3.    Claims Against Suffolk County**

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See, e.g., Wimmer v. Suffolk Cty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or

6

decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

Here, even affording the pro se complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Suffolk County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against it.

4. **Claims Against C.O. John Does A-C**

Though thin, the Court declines to sua sponte dismiss Plaintiff's Section 1983 claims against C.O. John Does A-C at this early stage in the proceedings. Accordingly, the Court orders service of the summonses, the complaint and this Order by the United States Marshal Service ("USMS"). However, the USMS will not be able to serve these individuals without more information. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*), the Suffolk County attorney is requested to assist with identifying the unnamed defendants who are alleged to be employed at the Suffolk County Correctional Facility and who are alleged to have interacted with plaintiff on or about October 28, 2021 as described in the complaint. Accordingly, the Clerk of the Court shall serve a copy of the complaint together

7

with this order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified defendants and to provide their names and the address(es) where such defendants can be served to the Court and to plaintiff within thirty (30) days of the date that this Order is served upon it.

The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture.   This Order merely provides a means by which the plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.   Once the information is provided to the Court by the Suffolk County Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed defendants, a summons shall be issued to each defendant, and the USMS shall effect service.

### III.    CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed in forma pauperis is granted.   However, plaintiff's complaint is dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim for relief as against Sheriff Toulon and the Jail.   Plaintiff's remaining claims against John Does A-C shall proceed. Accordingly, the Court orders service of the summonses, the complaint and this order upon these defendants once their identities are ascertained in accordance with the procedure set forth above. (See supra at 7-8.)

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**                    ___/s/ (JMA)_____
                                    Joan M. Azrack
Dated:   February 17, 2022          United States District Judge
         Central Islip, New York